

**LDD**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ALBERT WHITEHEAD<br>842 NO. 27th STREET<br>PHILADELPHIA, PA.      19130 | )<br>)<br>) |
| PLAINTIFF, PRO SE | )<br>) |
| Vs. | )<br>) |
| SUNDANCE VACATIONS, INC.<br>620 ALLENDALE ROAD<br>KING OF PRUSSIA, PA.    19406<br>(610) 962-3700 | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| JERRY SISK, INDIVIDUALLY<br>AND IN HIS OWN OFFICIAL<br>CAPACITY AS THE MANAGER<br>OF SUNDANCE VACATIONS, INC.<br>620 ALLENDALE ROAD<br>KING OF PRUSSIA, PA.    19406 | )<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| JOHN DOWD, INDIVIDUALLY<br>AND IN HIS OWN OFFICIAL<br>CAPACITY AS THE PRESIDENT<br>OF SUNDANCE VACATIONS, INC.<br>620 ALLENDALE ROAD<br>KING OF PRUSSIA, PA.    19406 | )<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| DOWD MARKETING, INC.<br>d.b.a. SUNDANCE VACATIONS, INC.<br>744 KIDDER STREET<br>WILKES BARRE, PA.      18702 | )<br>)<br>)<br>) |
| DEFENDANTS | )<br>) |

05cv4193

# FILED

AUG 1 1 2005

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

CIVIL ACTION LAW
JURY TRIAL DEMANDED

## COMPLAINT

## INTRODUCTORY STATEMENT

1.      This action arises under 42 U.S.C. § 2000 *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951-963 (1991), and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

2.      Jurisdiction is pursuant to 42 U.S.C. § 2000e et seq. as a remedial statute; and 28 U.S.C. § 1331 and U.S.C. § 1343(a)(3) and (4).  Plaintiff's state claims are pursuant to the Court's supplemental jurisdiction invoked under 28 U.S.C. § 1367.  Venue is invoked pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## THE PARTIES

3.      Pro se Plaintiff, Albert Whitehead, is a 64 year old citizen of the United States and a resident of the Commonwealth of Pennsylvania, residing at 842 No. 27th Street, Philadelphia, PA. 19130. At all times applicable to the instant action, plaintiff was a resident of the Commonwealth of Pennsylvania, within the jurisdictional limits of the United States District Court for the Eastern District of Pennsylvania.

4.      Defendant Sundance Vacations, Inc. (hereinafter "Sundance") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 620 Allendale Road, King of Prussia, PA. 19406. Sundance is an "employer," within the meaning of the applicable legislation cited herein,  because it is engaged in an industry affecting interstate commerce and because it maintained and/or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current and/or preceding calendar year.

2

5.      Defendant Jerry Sisk (hereinafter "Sisk") is the branch Manager, and limited partner, of Sundance Vacations, Inc., King of Prussia, PA. Sisk is a citizen of the United States, residing in the state of Pennsylvania. At all times relevant hereto, Sisk operated, controlled and managed the King of Prussia, PA. Office, as the limited partner.

6.      Defendant John Dowd (hereinafter "Dowd") is the President of Sundance Vacations, Inc. Dowd is a citizen of the United States, residing in the state of Pennsylvania. At all times relevant hereto, Dowd owned, operated, controlled and managed Dowd Marketing and/or Sundance and all its' branches.

7.      Defendant Dowd Marketing, Inc. (hereinafter "Dowd Marketing") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 744 Kidder Street, Wilkes Barre, PA. 18702. Dowd Marketing conducts business under the name of Sundance Vacations, Inc., among others. Dowd Marketing Inc. is engaged in an industry effecting interstate commerce and is an employer within the meaning of the applicable legislation cited herein.

8.      There is no other pending litigation involved in this cause of action, in any other form or in any other jurisdiction. Plaintiff has complied with administrative remedy requirements through the EEOC and the PHRC. EEOC charge No. 170-2005-02159, filed on June 8, 2005. As promulgated by the EEOC, under the ADEA, a private lawsuit may be filed after 60 days and no "Right to Sue" letter is needed.

## FACTUAL BACKGROUND

9.      On or about September 20, 2004, Defendants placed a classified ad, in the Philadelphia (PA.) Inquirer, soliciting "Travel Consultants." The ad read as follows: "Sundance Vacations, a nat'l travel co. is opening a new office in King of Prussia. Enthusiastic sales team members will earn $1000-$2000 wkly. Salary, lucrative comm, health bnfts, paid vac & discount travel. Sales exp helpful but not nec. Will train. Call for appt today 1-800-233-1613." (Philadelphia Newspapers, Inc. No. 1220669) As a result of the classified recruitment ad, there were approximately 20 persons hired.

10.     Plaintiff has 50 years of direct sales experience, including 10 years in the vacation sales/Timeshare industry. Consequently, Plaintiff eagerly, enthusiastically and confidently responded to the aforementioned classified ad. When Plaintiff called the toll-free number an interview was scheduled by a young woman. No applicant information was requested prior to the scheduled interview.

11.     On or about September 24, 2004, Plaintiff was interviewed by Sisk. At the onset of that interview, after viewing Plaintiff's applicant information and/or resume for the first time, Sisk psychologically and emotionally wounded Plaintiff, while literally stunning him by stating, point blank, that despite his extensive sales experience he would not employ anyone his "age," most particularly with his vacation sales experience. Consequently, the Plaintiff was summarily rejected, despite the fact that approximately 20 persons were hired, with little or no experience, and virtually all were under the age of 30.

12.     Sisk disparagingly characterized Plaintiff as "an old pro." Sisk further indicated that he would only employ those who possess "youthful enthusiasm," who would adhere to the "Sundance way of doing things," which would be facilitated by their lack of knowledge of the vacation sales industry.

13.     Sisk stated that he preferred a sales force of "Green Peas." ("Green Peas" is vacation sales industry jargon for young and inexperienced people)

14.     Sisk further stated that Plaintiff could be a "negative influence," because of his knowledge of the vacation sales business in conjunction with his "age," since the "Green Peas" would be influenced by him.

15.     Sisk stated that "old pros" often questioned his personal sales philosophies and, therefore, caused internecine dissent because "Green Peas look up to them." Sisk seemed to imply that, because of Plaintiffs' age and experience, Plaintiff would somehow usurp his authority.

16.   In response, Plaintiff sincerely attempted to assure Sisk that, because of his age and experience, he would be a very positive influence on the sales force and that his contributions would behoove the company in general.

17.   Sisk, seemingly irritated at Plaintiff's beseechment abruptly reiterated, while rising from his seated position to clearly signal an end to the interview, that he would not hire an "old timeshare pro, so let's just leave it at that;" with that retort and body language the abrasive interview was terminated.

## SUMMARY

18.   The employment interview with Sisk was more a discriminatory and disparaging narrative, by Sisk, of older and experienced vacation sales persons, as opposed to an unbiased and fair employment interview. Sisk's verbalized attitude, philosophies, behavior and ideology towards older salespersons are unconscionable, malicious, willful and illegal. Sisk hired, and continues to hire, many younger people with far less, if any, experience in the vacation sales industry, while summarily rejecting the Plaintiff because he is perceived as "an old timeshare pro." In fact, the Defendants placed the same verbatim ad, as quoted in paragraph 9 herein, in the Philadelphia Inquirer on or about July 14-17, 2005. (Philadelphia Newspapers, Inc. No. 1499067) Moreover, at a sales meeting during the week of July 12-16, 2005, Sisk announced that there would be another recruiting effort, while forcefully reminding the sales force that no "Timeshare people" would be considered for employment. The announcement was putatively to dissuade any current employees from recommending experienced associates, since there are many in the Philadelphia area. It has been discerned that Sisk's disdain for older and experienced vacation sales persons is common knowledge in the industry with full cognizance and encouragement by all named Defendants.

19.   Sisk intentionally designed, utilized, and perpetuated a system of age discrimination by and through his stated and implemented hiring policies. Sisks' discriminatory rejection of Plaintiff, solely because of his age, is in violation of the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act. Sundance is vicariously liable, as is Dowd and/or Dowd Marketing.

In addition to vicarious liability, Sundance, Dowd and/or Dowd Marketing are directly liable because Sisks' disdain, and summary rejection, of older and experienced vacation sales persons is conducted with all named Defendants' complete knowledge and encouragement. As further direct result of the aforesaid unlawful discriminatory practices engaged by all Defendants, Plaintiff has suffered severe emotional distress and mental anguish, humiliation, embarrassment and loss of self-esteem that he will continue to endure for an indefinite time in the future to his great detriment and loss. Defendants' acts of age discrimination are perennial, premeditated, purposeful, malicious, willful, and in reckless disregard for Plaintiff's rights and interests.

## COUNT I

## PLAINTIFF AGAINST ALL DEFENDANTS FOR THE DEPRIVATION OF FEDERALLY GUARANTEED RIGHTS UNDER 42 U.S.C.A §2000

20.     Paragraphs 1 through 19 inclusive, are incorporated by reference as if fully set forth at length herein.

**WHEREFORE** Plaintiff demands judgment of the Defendants for the deprivation of federally guaranteed rights under 42 U.S.C. §2000 et seq. together with (1) a declaratory judgment that his right to be free of age discrimination both under the ADEA and PHRA had been violated; (2) a mandatory injunction directing Sundance Vacations to employ him and make him whole with regard to lost earnings, insurance benefits, vacation and personal leave time, and any other emoluments of employment he had been deprived of; (3) compensation for emotional distress; (4) liquidated damages under the ADEA; (5) attorney's fees and costs; and (6) any other appropriate relief, including punitive damages and front pay.

## COUNT II

## PLAINTIFF AGAINST ALL DEFENDANTS UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT 43 P.S. § 951-963 (1991), AS A SUPPLEMENTAL STATE CLAIM

21.     Paragraphs 1 through 20 inclusive, are incorporated by reference as if fully set forth at length herein.

**WHEREFORE** Plaintiff demands judgment of the Defendants for the deprivation of rights under 43 P.S. § 951-963 (1991) together with (1) a declaratory judgment that his right to be free of age discrimination both under the ADEA and PHRA had been violated; (2) a mandatory injunction directing Sundance Vacations to employ him and make him whole with regard to lost earnings, insurance benefits, vacation and personal leave time, and any other emoluments of employment he had been deprived of; (3) compensation for emotional distress; (4) liquidated damages under the ADEA; (5) attorney's fees and costs; and (6) any other appropriate relief, including punitive damages and front pay.

## COUNT III

## PLAINTIFF AGAINST ALL DEFENDANTS PURSUANT TO 42 U.S.C. § 1981 FOR INTENTIONAL, MALICIOUS AND PURPOSEFUL DISCRIMINATION

22.     Paragraphs 1 through 21 inclusive, are incorporated by reference as if fully set forth at length herein.

**WHEREFORE** Plaintiff demands judgment of the Defendants for the deprivation of rights under 42 U.S.C. § 1981, together with (1) a declaratory judgment that his right to be free of age discrimination both under the ADEA and PHRA had been violated; (2) a mandatory injunction directing all Defendants to employ him and make him whole with regard to lost earnings, insurance benefits, vacation and personal leave time, and any other emoluments of employment he had been deprived of; (3) compensation for emotional distress; (4) liquidated damages under the ADEA; (5) attorney's fees and costs; and (6) any other appropriate relief, including punitive damages and front pay.

RESPECTFULLY SUBMITTED,


/s/ _____  Dated 08-08-2005
Albert Whitehead, Pro Se                August 8, 2005
842 No. 27th Street
Philadelphia, PA.        19130
(215) 235-1308
E-mail: PhilaPA312@aol.com

7